IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

KENNETH M. PARENT, JR.,

        Plaintiff,

v.                                      CIVIL ACTION NO.   5:20-cv-00535

LOUIS DEJOY[1], in his official
capacity as Postmaster General of
the United States, and the UNITED
STATES POSTAL SERVICE,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are Plaintiff Kenneth M. Parent, Jr.'s Motion for Default Judgment [Doc. 7] and Defendants' Motion for Leave to File Out of Time and Motion to Dismiss. [Docs. 9, 9-1].

On August 10, 2020, Plaintiff instituted this action alleging unlawful employment practices arising out of his position as a rural route carrier with the United States Postal Service ("USPS"). [Doc. 1]. On December 8, 2020, Plaintiff was ordered to show cause why the action should not be dismissed for failure to serve the Defendants within ninety (90) days. [Doc. 4]. On December 14, 2020, Plaintiff responded, asserting he served the summons and complaint upon the Defendants on October 19, 2020. He attached the signed return receipt, which was addressed to the USPS National Torts Center. [Docs. 5, 6].

*Federal Rule of Civil Procedure* 4(m) requires a plaintiff to serve process within ninety (90) days after filing a complaint. If the plaintiff fails to do so, a court "must dismiss the

---

[1] The Court has amended the style by correcting the previously misspelled first name of the Postmaster General.

action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). To effectuate service on an agency of the United States or an employee sued in his official capacity, the plaintiff must "serve the United States *and also* send a copy of the summons and of the complaint by registered or certified mail to the agency." Fed. R. Civ. P. 4(i)(2) (emphasis added). To properly serve the United States, the plaintiff must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" and "send a copy of each by registered or certified mail to the Attorney General of the United States." Fed. R. Civ. P. 4(i)(1). To effectuate service upon the USPS, delivery must be directed to its General Counsel. 39 C.F.R. § 2.2 (2021) ("General Counsel of the Postal Service shall act as agent for the receipt of legal process against the Postal Service.").

As noted, effective service upon General DeJoy required delivery of process to both the United States Attorney for this District and the Attorney General. That did not occur. Nor was USPS General Counsel, as required, lawfully supplied with process pursuant to 39 C.F.R. § 2.2.

Based on the foregoing, the Court **DENIES AS MOOT** Plaintiff's Motion for Default Judgment [**Doc. 7**], **GRANTS** Defendants' Motion for Leave to File Out of Time [**Doc. 9**], **GRANTS** Defendants' Motion to Dismiss [**Doc. 9-1**], **DISMISSES** this action without prejudice, and cancels the motion hearing scheduled for April 9, 2021.

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: April 8, 2021

Frank W. Volk
United States District Judge